UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | 1:21-cr-0067-LY-1 |
| | § | |
| Steven Ray Zech | § | |

## **O R D E R**

Before the Court is Defendant's construed Motion to Reconsider Bond, filed June 29, 2021 (Dkt. 25).[1] The Government did not file a response. The District Court referred Defendant's Motion to the undersigned Magistrate Judge for resolution. Dkt. 26.

### I. Background

Defendant Steven Ray Zech was arrested on April 21, 2021, pursuant to a warrant based on an indictment for two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). After a detention hearing on April 27, 2021, the Court found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 20. Defendant therefore was ordered detained pending trial. *Id.* Jury selection and trial are set for August 9, 2021. Dkt. 23.

### II. Analysis

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

---

[1] Although Defendant is represented by counsel, he sent the District Court *pro se* a letter requesting bond, which the Court construes as a Motion to Reconsider Bond.

1

In his Motion, Defendant seeks release so that he can care for his "street mom," who has diabetes; continue his outpatient mental health and substance abuse treatment; and receive neurotherapy for injuries suffered in a motorcycle accident. The Court is sympathetic to the challenges faced by Defendant and his mother. Nonetheless, after considering the factors set forth in 18 U.S.C. § 3142(g), Defendant's Motion, and his Pretrial Services Report, it remains the conclusion of the Court that Defendant must be detained pending trial.

The United States proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community at Defendant's detention hearing, and he has not presented information that was not known at the time of the hearing. As stated in the Order of Detention Pending Trial, factors relevant to the Court's decision include the nature and circumstances of the offenses charged (two counts of possession of a firearm by a felon) and the nature and seriousness of the danger to the community that would be posed by Defendant's release. Defendant also has a lengthy prior criminal history, including a history of violence and weapons use, and his state probation has been revoked twice.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Reconsider Bond (Dkt. 25) is **DENIED**.

**SIGNED** on July 13, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE